**NOT FOR PRINTED PUBLICATION**

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
LUFKIN DIVISION

| | | |
|---|---|---|
| MARCO OLIVARES | § | CASE NO. 9:20-CV-91 |
| | § | |
| v. | § | JUDGE RON CLARK |
| | § | |
| STATE FARM MUTUAL AUTOMOBILE | § | MAGISTRATE JUDGE KEITH F. GIBLIN |
| INSURANCE COMPANY AND | § | |
| NATIONWIDE MUTUAL INSURANCE | § | CAB |
| COMPANY, FORMERLY KNOWN AS | § | |
| HARLEYSVILLE WORCESTER | § | |
| INSURANCE COMPANY | § | |

**ORDER OVERRULING OBJECTIONS AND ACCEPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION, AND OF REMAND**

The court referred this matter to the Honorable Keith F. Giblin, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The Magistrate Judge recommends this action be remanded to state court. (Doc. #31).

The court has received and considered the Report and Recommendation of the Magistrate Judge filed pursuant to such referral, along with the record and pleadings. Defendants filed separate objections to the Magistrate Judge's Report and Recommendation. (Doc. #32, Doc. #33). This requires a *de novo* review of the objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b); 28 U.S.C. § 636. After careful consideration, the court concludes Defendants' objections are without merit.

## I.   BACKGROUND

The procedural background is outlined in the Magistrate Judge's Report. Rather than restating it, for the sake or brevity the Court incorporates it for reference in this order.

## II. LEGAL STANDARD

A defendant may seek to remove a civil action brought in state court of which a district court has original jurisdiction. 28 U.S.C. § 1441(a). A defendant seeking to remove a civil case is required to file a notice of removal "in the district court of the United States for the district and division within which such action is pending." 28 U.S.C. § 1446(a). That notice must be filed "within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading." 28 U.S.C. § 1446(b)(1). Each defendant has 30 days after receipt or service of an initial pleading or summons on that defendant to file a notice of removal. 28 U.S.C. § 1446(b)(2)(B). In order to remove an action based solely upon 28 U.S.C. § 1441(a), "all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). In other words, "if there is more than one defendant, then the defendants must act collectively to remove the case." *Doe v. Kerwood*, 969 F.2d 165, 167 (5th Cir. 1992). If one defendant files a timely notice of removal and another defendant does not, then the removal is defective and remand is appropriate. *See id.* Moreover, "[b]ecause removal raises significant federalism concerns, the removal statute is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand." *Gutierrez v. Flores*, 543 F.3d 248, 251 (5th Cir. 2008) (internal quotation omitted). A party may file a motion to remand a removed action to state court based upon a defect in the notice of removal within 30 days after the filing of the notice of removal. 28 U.S.C. § 1447(c).

## III. DISCUSSION

### A. State Farm's Objection

State Farm's sole argument against granting remand is that it was improperly joined as a defendant and thus, its citizenship and consent should not be considered. However, State Farm's

objection to the Report and Recommendation is the first time it raises this argument. In its untimely consent to removal, State Farm simply states that it did not know the case had been removed to federal court until May 20, 2020, which was thirty-four days after State Farm was served and nineteen days after Nationwide had removed the case. State Farm did not specifically address improper joinder in its motion to dismiss for failure to state a claim, nor did it respond to the motion to remand.

Nationwide has also never made an argument of improper joinder. As the removing party, Nationwide was obligated to timely notify State Farm of the removal and either obtain its consent to the notice of removal or ensure State Farm filed its own notice. Nationwide failed to do so. In fact, the notice of removal says nothing about State Farm at all, even though it is clear that Nationwide was on notice that State Farm had been served. (Doc. #3-2). *See Thompson v. Louisville Ladder Corp.*, 835 F. Supp. 336, 338 (E.D. Tex. 1993) (holding that codefendant was required to join in removal of action because removing defendant was aware at time that notice of removal was filed that codefendant had been served and, even if removing defendant was not actually aware that codefendant had been served, removing defendant was on constructive notice of fact that codefendant had been served before removal was sought).

In order for the improper joinder argument to be valid, Nationwide was required to assert it in the notice of removal. It is well-settled that the party urging jurisdiction upon the court must always bear the burden of demonstrating that the case is one which is properly before the federal tribunal. *See B., Inc. v. Miller Brewing Co.*, 663 F.2d 545, 549 (5th Cir. 1981); *Escuadra v. Geovera Specialty Ins. Co.*, 739 F. Supp. 2d 967, 974 (E.D. Tex. 2010). Nationwide has failed to meet this burden. Moreover, where there have been allegations of improper joinder, the burden is upon the removing party to prove the alleged fraud. *See id.* Thus, State Farm's delayed assertion

that it was improperly joined, thus rendering its failure to timely consent irrelevant, is invalid. This argument, therefore, does not cure Nationwide's failure to timely obtain the consent of all defendants.

### B. Nationwide's Objection

Nationwide presents no new arguments against remand in its objection to the Report and Recommendation but merely restates the position it previously advocated in its response to Olivares' motion to remand. Nationwide relies on an Eighth Circuit case to support its assertion that the 2011 amendments to 28 U.S.C. § 1446 indicate that all defendants need not consent within 30 days as long as they consent at some point. *See Griffioen v. Cedar Rapids & Iowa City Ry. Co.*, 785 F.3d 1182, 1185 (8th Cir. 2015). Nationwide cites to no Fifth Circuit or Eastern District of Texas case adopting the Eighth Circuit's reasoning. The Report and Recommendation cites to several cases decided after the 2011 amendments that do not follow the Eighth Circuit's reasoning. Thus, the Court disagrees with Nationwide's assertion that the case should not be remanded despite State Farm filing its consent after the 30-day deadline.

### IV.   CONCLUSION

Having conducted a *de novo* review and considering the Magistrate Judge's recommendation as well as the Defendants' respective objections, the Court orders as follows. It is **ORDERED** that Defendants' objections (Doc. #32, Doc. #33) are **OVERRULED**. The findings of fact and conclusions of law of the Magistrate Judge are correct and the report (Doc. #31) of the Magistrate Judge is **ACCEPTED**.

The Court therefore further **ORDERS** that the motion to remand (Doc. #7) is **GRANTED**. The Clerk is directed to **CLOSE** this case and **REMAND** it to the 258th Judicial District Court of Trinity County, Texas, from which it was removed in accordance with the procedures set forth by

the Local Rules for the Eastern District of Texas. All remaining deadlines and trial settings are **TERMINATED**, and all pending motions are denied as **MOOT**, without prejudice to reassert as necessary in state court.

    So ORDERED and SIGNED, Aug 31, 2020.

                                                */s/ Ron Clark*
                                                Ron Clark
                                                Senior Judge